IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00275-FL

| | |
|---|---|
| EASTPOINTE HUMAN SERVICES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| NASH COUNTY, TRILLIUM HEALTH | ) ORDER |
| RESOURCES, MANDY K. COHEN, in her | ) |
| official capacity as Secretary of the North | ) |
| Carolina Department of Health and Human | ) |
| Services, and RICHARD O. BRAJER, in | ) |
| his individual and former official capacity | ) |
| as Secretary of the North Carolina | ) |
| Department of Health and Human Services, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for emergency relief and expedited hearing. (DE 42). Defendants North Carolina Department of Health and Human Services ("NCDHHS"), Mandy K. Cohen, and Richard O. Brajer (collectively "the North Carolina defendants") have responded in opposition and plaintiff has replied. In this posture, the issues are ripe for ruling. For the reasons set forth below, the court denies plaintiff's motion.

**BACKGROUND**

Plaintiff is a multi-county Local Management Entity and Managed Care Organization ("LME/MCO"), established pursuant to Chapter 122C of the North Carolina General Statutes.

Plaintiff manages and delivers medically necessary and state-funded mental health, substance abuse, and developmental disability services in twelve North Carolina counties (together plaintiff's "catchment area"),[1] including Nash County.

Plaintiff initiated this action against defendants on June 8, 2017, asserting ten (10) claims for violation of state and federal law. Plaintiff contends that defendants acted in concert to consummate the unlawful disengagement of Nash County from its catchment area. At time of filing of complaint, plaintiff also filed an *ex parte* motion for temporary restraining order, seeking to enjoin defendants (save defendant Brajer), from proceeding with Nash County's disengagement.

On June 9, 2017, defendants NCDHHS and Cohen responded preliminarily in opposition to plaintiff's motion, contending that the court lacks jurisdiction over the matter as required by 28 U.S.C. § 1331. Defendant Trillium responded in a fully formed opposition memorandum to plaintiff's motion on June 12, 2017, contending that plaintiff is not entitled to injunctive relief because it cannot demonstrate success on the merits.

On June 13, 2017, the court held telephonic administrative conference.[2] At conference, the court discussed pending issues, including jurisdictional issues raised by defendants NCDHSS and Cohen and issues surrounding plaintiff's motion for TRO. The court set a schedule for expedited briefing as follows: 1) Defendants' motion to dismiss regarding jurisdictional issues due by June 15, 2017, with plaintiff's response thereto due by June 19, 2017, and any reply due by June 21, 2017;

---

[1] A catchment area is a designated area of the State served by a specific area authority, or authority for mental health, substance abuse, and developmental disability services, in any particular area. Plaintiff's catchment area includes the following twelve counties: Bladen, Columbus, Duplin, Edgecombe, Greene, Lenior, Nash, Robeson, Sampson, Scotland, Wayne, and Wilson.

[2] At time of conference defendant Brajer had not yet been heard from. Counsel for defendants NCDHHS and Cohen later amended notice of appearance and on June 15, 2017, confirmed the scope of representation extends to defendant Brajer both in his individual and former official capacities.

and 2) the North Carolina defendants' response to plaintiff's motion for TRO due June 20, 2017, with any reply by plaintiff due June 23, 2017. Defendants now have filed separate motions to dismiss, to which plaintiff has responded and defendants replied, concluding briefing on defendants' motions on June 21, 2017. Defendants responded in opposition to plaintiff's motion for TRO, which all parties acknowledged at conference should be treated as a motion for preliminary injunction on June 20, 2017. These motions today remain pending.

In the midst of this hectic briefing schedule, on June 20, 2017, defendant NCDHHS allegedly sent plaintiff a contract, which purports to exclude Nash County from its catchment area. Defendant requested by e-mail dated June 20, 2017, sent at 6:02 p.m. by Lynn Fowler, a contract specialist for defendant NCDHHS to Sarah Stroud, on behalf of plaintiff, that the contract be executed and returned no later than June 23, 2017. Plaintiff requests emergency relief to preserve the status quo pending resolution of plaintiff's request for injunctive relief.

## COURT'S DISCUSSION

Plaintiff protests this sudden action by defendant NCDHHS as an attempt to circumvent the instant lawsuit. The North Carolina defendants, ordered immediately to respond, suggest mistake was made in sending the e-mail request. Defendant DHHS formally retracts in its response the complained about e-mail, agrees no response need be given, and, moreover, agrees not to claim delay by plaintiff in its contract execution.

Plaintiff, not content with this response, calls defendant's behavior reckless and worthy of sanction to the extent of payment to it of plaintiff's attorneys' fees in connection with the filing of the instant motion and its reply. In light of the North Carolina defendants' response, the court dismisses plaintiff's motion for emergency relief and expedited hearing as moot (DE 42). The court

3

reserves ruling on plaintiff's request for fees, pending disposition of the instant action. To the extent plaintiff would seek this court to further consider its request, it may bring the issue back to the court's attention as the case proceeds.

SO ORDERED, this the 26th day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge